**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS B. DEVLIN, | |
| Plaintiff, | |
| v. | Civil Action No. 13-408 (BJR) |
| JOHN BERRY, Director, Office of Personnel Management, *et al.*, | MEMORANDUM OPINION |
| Defendants. | |

This case is before the Court on a motion to dismiss by Defendants John Berry, the Office of Personnel Management, and the United States of America (hereinafter "OPM"). *See* Defendant's Motion to Dismiss ("Defs' Mot."), Dkt. #14. Plaintiff Thomas Devlin challenges OPM's denial of an administrative claim he filed in 1995. Devlin's claim alleged unpaid overtime under the Fair Labor Standards Act (FLSA). He brings this suit under the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.* OPM moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Devlin has failed to state a claim for relief because his 1995 administrative filing was time-barred. Defs' Mot. at 2. Devlin filed a cross-motion for summary judgment. *See* Plaintiff's Cross Motion for Summary Judgment ("Pl's Mot."), Dkt. #18. Having reviewed the parties' briefs together with all relevant materials, the Court denies both OPM's motion to dismiss and Devlin's summary judgment motion, for the reasons discussed below.

## I. BACKGROUND

During the period of time relevant to this action, January of 1993 through October 1994, Devlin worked as a criminal investigator for the Federal Bureau of Investigation (FBI).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS B. DEVLIN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BERRY, Director,<br>Office of Personnel Management, *et al.*,<br><br>Defendants. | Civil Action No. 13-408 (BJR)<br><br>MEMORANDUM OPINION |

This case is before the Court on a motion to dismiss by Defendants John Berry, the Office of Personnel Management, and the United States of America (hereinafter "OPM"). *See* Defendant's Motion to Dismiss ("Defs' Mot."), Dkt. #14. Plaintiff Thomas Devlin challenges OPM's denial of an administrative claim he filed in 1995. Devlin's claim alleged unpaid overtime under the Fair Labor Standards Act (FLSA). He brings this suit under the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.* OPM moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Devlin has failed to state a claim for relief because his 1995 administrative filing was time-barred. Defs' Mot. at 2. Devlin filed a cross-motion for summary judgment. *See* Plaintiff's Cross Motion for Summary Judgment ("Pl's Mot."), Dkt. #18. Having reviewed the parties' briefs together with all relevant materials, the Court denies both OPM's motion to dismiss and Devlin's summary judgment motion, for the reasons discussed below.

## I.    BACKGROUND

During the period of time relevant to this action, January of 1993 through October 1994, Devlin worked as a criminal investigator for the Federal Bureau of Investigation (FBI).

Plaintiff's Statement of Material Facts ("Pl's SUF"), Dkt. #17, ¶ 1.[1]  On January 6, 1995, Devlin's counsel filed an administrative claim with the General Accounting Office (GAO), now the Government Accountability Office, on behalf of Devlin and over 200 other criminal investigators.  *Id.* ¶ 2.  The administrative claim alleged violations of the FLSA, specifically that the FBI had improperly classified Devlin and the other criminal investigators as exempt employees. *Id.*  They asserted a right to unpaid overtime.  *Id.*

Also on January 6, Devlin's counsel filed a complaint in the Court of Federal Claims on behalf of Devlin and the other investigators, alleging the same FLSA violations.  *Id.* ¶ 6.  However, Devlin did not remain a party to that suit.  On November 18, 1996, upon a motion by Devlin's counsel, the court dismissed Devlin's claim without prejudice.  *Id.* ¶ 7.

On June 17, 2011, Devlin's counsel wrote OPM to request a meeting.  *Id.* ¶ 11.  Counsel enclosed a copy of the 1995 administrative claim filed with the GAO, and explained that the federal court action on behalf of other criminal investigators, which had recently settled, did not include Devlin as a party.  *Id.*  Devlin's counsel repeated the request in September.  *Id.* ¶ 12.  OPM then responded, asking for documentation, which Devlin's counsel supplied.  *Id.* ¶¶ 13-14.

On November 12, 2012, OPM denied Devlin's claims.  *Id.* ¶ 15.  In the denial letter, OPM stated:

> Because determination of exemption status is necessary to determine FLSA overtime pay entitlement, disputes regarding FLSA exemption status must be resolved prior to making any determinations regarding the amount of FLSA overtime pay due or the applicable statute of limitations. OPM is authorized to make such determinations under the provisions of 29 U.S.C. § 204(f). A review of guidance provided in claims decisions issued by GAO, the agency formerly charged with settling compensation and leave claims under 31 U.S.c. § 3702 and the agency which was responsible for settling such claims at the time the claimant's representative submitted their January 6, 1995 letter to GAO, is instructive.  GAO decisions make clear GAO did not view its claims settlement

[1] The facts contained in this section were all admitted by OPM.  *See* Defendants' Statement of Facts in Dispute ("Defs' SFD"), Dkt. #22.

authority as encompassing FLSA exemption status determinations.

Complaint, Ex. 1, p. 4.  OPM quoted the following passage from a 1976 GAO decision, *Matter of Claims Representatives and Examiners – Exemption from Fair Labor Standards Act Overtime Coverage*:

> We consider that the role granted to the Commission [the former Civil Service Commission, now OPM] to administer the FLSA with respect to Federal employees, [sic] necessarily carries with it the authority to make final determinations as to whether employees are covered by the various provisions of the [FLSA].  Accordingly, this Office will not review the Commission's determinations as to an employee's exemption status.

*Id.*; *see* B-51325, 1976 WL 9626 at *2 (Oct. 7, 1976).  OPM also cited the FLSA provision authorizing the Director of OPM to "administer the provisions of this chapter with respect to any individual employed by the United States."  Compl., Ex. 1, p. 5; *see also* 29 U.S.C. § 204(f).  The denial letter referenced OPM's own administrative claims process, which the agency had established prior to the time that Devlin filed his claim with the GAO.  Compl., Ex. 1, p. 5.  Therefore, according to OPM, "[Devlin's] filing with the GAO regarding [his] FLSA exemption status did not preserve [his] exemption status claim."  *Id.*  Because the 1995 administrative claim was not preserved, OPM treated the June 2011 letter from Devlin's counsel as a freshly filed administrative claim.  *Id.*  OPM denied the claim as time-barred.  *Id.* This action followed.

## II.     LEGAL STANDARD

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Bailey v. Verizon Commc'ns, Inc.*, 544 F. Supp. 2d 33, 36 (D.D.C. 2008).  To survive a Rule 12(b)(6) motion, the complaint must plead sufficient facts,

taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Summary judgment under Rule 56 is granted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record…or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

Under the APA, a court shall set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2)(A). The APA standard of review is "narrow," and "a court is not to substitute its judgment for that of the agency." *Motor Vehicle Manufacturers Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983). However, the agency "must examine the relevant data and articulate a satisfactory explanation for its action." *Id.*

## III. DISCUSSION

### a. OPM's Motion to Dismiss

The question at the heart of this dispute is whether Devlin was required to file his administrative claim with OPM rather than with the GAO. OPM's arguments rely entirely on the proposition that Devlin filed his claim with the wrong agency in 1995, thereby failing to preserve the claim such that OPM could adjudicate it in 2011. If Devlin and the other investigators chose the correct path, or at least a permissible one, Devlin's claim survives OPM's motion to dismiss.[2]

---

[2] The Court notes that, in addition to the facts set forth in Part I, *supra,* Devlin also alleged in his Complaint that GAO acknowledged receipt of his claim, that he never withdrew the claim, and that GAO never returned the claim

It is undisputed that Devlin's 1995 claim, if properly filed, would have fallen within the applicable two-year statute of limitations for such claims.[3]

Before 1996, federal law required the Comptroller General (director of the GAO) to "settle all claims of or against the United States Government." *See* 31 U.S.C. § 3702 (1995). In 1996, the General Accounting Office Act transferred the authority to settle FLSA and other claims to the Office of Personnel Management (OPM), where it remains. *See* General Accounting Office Act of 1996, Pub. L. 104-316, § 202(n)(1)(B), 110 Stat. 3826, 3843-44 (October 19, 1996); 31 U.S.C. § 3702 (a)(2) ("The Director of the Office of Personnel Management shall settle claims involving Federal civilian employees' compensation and leave."). The General Accounting Office Act included a "Savings Provision" applicable to "pending matters and proceedings," which read:

> This Act shall not affect any pending matters or proceedings, including notices of proposed rulemaking, relating to a function or authority transferred under this Act. Such matters or proceedings shall continue under the authority of the agency to which the function or authority is transferred until completed or terminated in accordance with law.

*Id.* § 101(d)(2). Devlin alleges, and the Court must accept, that GAO never returned his claim. *See* Compl. ¶ 21. As such, Devlin's claim was still "pending" when the transfer took effect in 1996, and "continue[d] under the authority of the agency to which the function or authority is transferred," *i.e.*, OPM, from the time of the transfer forward. *See id.* The Court must also draw the reasonable inference that OPM never "completed or terminated" Devlin's claim. Therefore, for purposes of OPM's motion to dismiss, the Court assumes that Devlin's claim was still before OPM when Devlin's counsel

---

to him. *See* Compl. ¶¶ 19, 21, 24. For the purposes of deciding OPM's 12(b)(6) motion, the Court must accept these allegations as true and draw all reasonable inferences in Devlin's favor.
[3] Devlin sought back pay for the period of January 1993 through October 1994. Compl. ¶ 16. The parties agree that the applicable statute of limitations is two years. *See* Defs' Mot. at 7; Pl's Mot. at 12, n. 3.

contacted the agency in 2011 requesting a meeting. That 2011 letter makes perfectly clear that Devlin was not filing a new claim, but rather seeking resolution of the long-pending claim he had filed in 1995. *See* Pl's SUF ¶ 11 ("We are writing on behalf of our client, Thomas Devlin, *in connection with his claim* against the United States under the [FLSA]…Notwithstanding the withdrawal of Mr. Devlin's claim in the United States Court of Federal Claims, *it is still pending* before the [OPM], which succeeded GAO as the repository for such claims") (emphasis added).

Thus, the only question for this Court to resolve is whether GAO was a proper recipient of the administrative claim filed by Devlin and the other criminal investigators. This is a purely legal question upon which rides the fate of OPM's motion to dismiss. If GAO was a proper forum for Devlin's administrative claim, taking all of Devlin's allegations as true and drawing all reasonable inferences in his favor, OPM's denial of his claim as time barred was not "in accordance with law" under the APA. *See* 5 U.S.C. §706(a)(2).

As noted above, when the criminal investigators filed their claim in 1995, the Comptroller General was charged with "settl[ing] all claims of or against the United States Government." *See* 31 U.S.C. § 3702 (1995). OPM suggests that because Devlin's claim alleged misclassification, he was required to file with OPM. Defs' Mot. at 5. The authority cited by OPM establishes no such rule.

OPM relied heavily upon the GAO's decision in *Claims Representatives*, B-51325, 1976 WL 9626, to support its contention that "at no time was GAO empowered to adjudicate claims regarding FLSA exemption status determinations." Defs' Mot. at 5. *Claims Representatives* actually demonstrates that GAO *was* empowered to adjudicate

such claims, and did so.  The case arose when a union official filed an administrative claim with the GAO seeking overtime pay for claims representatives and examiners, who the Civil Service Commission (CSC) had deemed exempt under the administrative exemption.  *See* B-51325, 1976 WL 9626 at *1.  The Comptroller General requested a report from the CSC on the merits of the union official's claims, and the CSC responded.  *Id.*  Then, after reviewing the CSC's rational and comparing it with Department of Labor regulations, the Comptroller General explained that CSC had statutory authority "to make final determinations as to whether employees are covered by the various provisions of the [FLSA]."  *Id.* at *2.  In light of that statutory authority, the Comptroller General pledged that GAO  "will not review the [CSC's] determinations as to an employee's exemption status."  *Id.*

The case says nothing about a federal employee's obligation to seek an exemption status determination whenever he or she alleges misclassification.  Nor does it suggest that the union official, or the employees he spoke for, had chosen the wrong administrative forum.  If anything, the case confirms that the GAO was the proper recipient of those and other federal employees' overtime claims.

*Claims Representatives* does make clear that the GAO would not carelessly usurp the CSC's statutory authority over FLSA administration.  However, the Comptroller General explained in later decisions that "[t]he authority to finally decide whether the expenditure of public funds under the FLSA is appropriate or not is vested in [the Comptroller General's] Office."  *Matter of Plum Island Animal Disease Center—Sleep and Meal Periods Under Fair Labor Standards Act*, B-213179, 1984 WL 46700 at *5 (Oct. 2, 1984).  Where the Comptroller General found CSC's determinations to be

"contrary to the law or without legal basis," the Comptroller General would adjudicate the claim under the correct standard. *Id.* at *5 ("Although we will accord great weight to OPM's administrative determinations as to entitlements under the FLSA, we will not accept a determination that is contrary to law or without legal basis"); *see also Matter of Dept. of Ag. Meat Graders—Travel Time Under Fair Labor Standards Act*, B-163450, 1978 WL 11226 at *4 (Sep. 20, 1978) ("If, however, we find CSC's factual conclusions to be clearly erroneous, or the legal conclusions to be contrary to the law or regulations set out thereunder, we would have no option but so rule").

This is consistent with the D.C. Circuit's description of the GAO's authority during that period, which the court adopted from the GAO's own manual. *See Adams v. Hinchman*, 154 F.3d 420, 422 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1158 (1999) (quoting General Accounting Office, Principles of Federal Appropriations Law 11–6 (1982) ) ("to settle a claim means to administratively determine the validity of that claim.... Settlement includes the making of both factual and legal determinations").

In sum, it is possible that if the GAO had considered Devlin's claim in 1995, it would have deferred to OPM's determination that Devlin and the other criminal investigators were exempt. But even then the GAO would still have been a proper forum for the administrative claim at that time.

OPM requests deference under *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984), for its decision to deny Devlin's claim. Specifically, OPM argues that this Court should defer to the agency's conclusion that Devlin's claim was time-barred. Defs' Mot. at 9. OPM also argues that its conclusion as to the "proper forum for bringing federal employees' FLSA claims" is also entitled to deference. *Id.* at 10.

OPM ignores the first step of the *Chevron* inquiry, which is to "consider 'the text, structure, purpose, and history of an agency's authorizing statute' to determine whether a provision reveals congressional intent about the precise question at issue." *Adirondack Med. Ctr. v. Sebelius*, 740 F.3d 692, 696 (D.C. Cir. 2014) (quoting *Hearth, Patio & Barbecue Ass'n v. U.S. Dep't of Energy,* 706 F.3d 499, 503 (D.C. Cir. 2013). The statute in question, 31 U.S.C. §3702, is unambiguous. At the time Devlin filed his administrative claim, the Comptroller General had statutory authority to "settle all claims of or against the United States Government." 31 U.S.C. § 3702 (1995). 29 U.S.C. § 204(f), which gives OPM authority "to administer the provisions of [the FLSA] with respect to any individual employed by the United States government," does not contradict or nullify the GAO's claims settlement authority under 31 U.S.C. § 3702. Thus, OPM's conclusion concerning the proper forum for Devlin's claims, and OPM's resultant conclusion concerning timeliness, were contrary to law. Such conclusions are not entitled to deference.

Because Devlin timely filed his administrative claim in a proper forum, and – construing facts as required on a 12(b)(6) motion – the claim was not otherwise processed or returned, the claim is not time-barred. The Court denies OPM's motion to dismiss.

### b. Devlin's Motion for Summary Judgment

Devlin's request that the Court grant summary judgment in his favor is denied. While the Court has resolved the central legal question posed by the parties, there remain disputes of material fact that preclude granting summary judgment. Specifically, OPM disputes that the GAO never returned Devlin's administrative claim. *See* Defs' SFD, ¶ 5. OPM also disputes that Devlin never withdrew his administrative claim. *Id.* ¶ 8. These

are material facts, in that if the GAO returned or terminated Devlin's claim prior to the 1996 transfer of pending claims to OPM, Devlin would not have preserved his claim and it would be time barred. Devlin also would have failed to preserve his claim if at some point he withdrew it, either from the GAO or OPM.

As Devlin observes, OPM phrased its denials in terms of what OPM "does not admit," without pointing to any contrary evidence in the record. *See id.* ¶¶ 5, 8. The Court is mindful that under normal circumstances a party asserting a genuine issue of material fact must support the assertion by identifying specific evidence in the record. *See* Fed. R. Civ. P. 56(c)(1)(A). However, in cases involving review of an agency decision, the defendant cannot necessarily point to contrary evidence until the administrative record is filed. Though the full administrative record may contain no additional evidence on either of the disputed factual issues, Rule 56 dictates that this Court not grant summary judgment at this stage of the litigation.

Devlin maintains that in fact there is no administrative record to be filed in this case because he has already placed all relevant materials before the Court. Pl's Reply, Dkt. #25, at 16. However, OPM has not yet had an opportunity to muster any evidence that would support the agency's decision to dismiss Devlin's administrative claim as time-barred. The Court is loath to grant a motion for summary judgment in an APA proceeding where the entire record has not yet been filed. For that reason, Devlin's motion for summary judgment is denied, with leave to renew. The Court orders OPM to produce whatever remains of the administrative record within 30 days, at which point the Court will set a schedule for briefing summary judgment motions. An Order consistent with this Memorandum Opinion shall issue.

March 18, 2014

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE